UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Andrea G. Briggs,              :
          Plaintiff,           :
                               :
          v.                   :     File No. 2:06-CV-227
                               :
Michael Warfield and           :
Donald C. Winter,              :
          Defendants.          :

OPINION AND ORDER
(Papers 20, 22, 31 and 32)

Plaintiff Andrea G. Briggs, proceeding *pro se*, claims injuries arising from exposure to chemical fumes in her workplace.  At the time of the exposure, Briggs was employed by the Department of the Navy.  The defendants in this case are Michael Warfield, President of the elevator company that allegedly released the fumes, and Donald Winter, Secretary of the Navy.

This is Briggs' fourth lawsuit relating to the same chemical exposure.  Her previous cases were litigated in the U.S. District Court for the District of Maryland, and appeals were taken to the U.S. Court of Appeals for the Fourth Circuit.  In each instance, Briggs' claims were dismissed.  The defendants now move to dismiss Briggs' current case on the basis of *res judicata*.  For reasons set forth below, the motions to dismiss are GRANTED.

<u>Factual Background</u>

For purposes of deciding the defendants' motions to dismiss, the facts in the complaint will be accepted as true.  Briggs was formerly employed by the Department of the Navy as a Health Systems Analyst and Computer Specialist at the National Naval Medical Center ("NNMC") in Bethesda, Maryland.  She alleges that on March 15, 2000, she was exposed to toxic chemicals while workmen renovated an elevator outside her office suite.  Despite her request to be relocated, Briggs was again exposed to chemicals on March 28, 2000.  Similar exposures occurred on April 24, 2000, July 11, 2000, August 14, 2000, and during the week of December 8, 2000.  Between April 2001 and July 2004, Briggs was allegedly compelled to work in a building with poor air quality.

As a result of these various exposures, Briggs suffered shortness of breath and at times has required inhalers and/or hospitalization.  In September 2004, she was removed from her job after she refused to accept assignment to a workspace that would exacerbate her respiratory problems.  Briggs now claims that the Department of the Navy and its contractor should have

2

been aware of the dangers inherent in chemical exposure, and that the Navy should have accommodated her requests. As a result of the defendants' alleged negligence, she has lost her job, income, medical insurance "and quality of life." Her current causes of action against the defendants include claims of reckless behavior and infliction of emotional distress.

Briggs first commenced litigation with regard to her alleged chemical exposure on April 23, 2001 ("*Briggs I*"). Her complaint, filed under the Federal Tort Claims Act ("FTCA") in Maryland federal court, claimed that the Navy and its contractor, Elevator Control Corporation ("ELCON"), were grossly negligent and had recklessly endangered her health. On February 26, 2002, District Judge Blake granted the government's motion to dismiss for lack of jurisdiction. Specifically, Judge Blake held that Briggs' exclusive remedy was under the Federal Employees Compensation Act ("FECA"), that FECA determinations were generally not subject to review, and that there was no jurisdiction under the FTCA. (Paper 20-3). On March 11, 2003, Judge Blake granted ELCON's motion for summary judgment on the basis of Briggs'

failure to offer expert support for her negligence claim.
(Paper 22-3).  Briggs appealed to the Fourth Circuit,
which affirmed the district court's rulings.  See <u>Briggs
v. Elevator Control Corp, et al.</u>, 2003 WL 21711390 (4th
Cir. July 24, 2003).

On October 31, 2003, Briggs commenced a second
lawsuit arising out of the same basic facts ("*Briggs
II*"), with a focus on the Navy's responses to her
complaints.  This suit, again filed in Maryland federal
court, charged the Navy with violating the Americans with
Disabilities Act ("ADA"), the Rehabilitation Act, the
Family Medical Leave Act ("FMLA"), and Title VII.  The
complaint also included a claim of defamation.

In a 24-page opinion, Judge Blake again granted
summary judgment in favor of the Navy.  On Briggs'
disability-related claims, Judge Blake concluded that the
Navy had provided reasonable accommodations based upon
the available information.  With respect to Briggs' Title
VII claims, the court found that Briggs had failed to
show that she was treated differently from similarly
situated individuals outside of her protected class, and
that she had not sustained her burden on her claim of

4

retaliation.  Finally, Judge Blake held that Briggs has
no private right of action against the federal government
under the FMLA, and that the court had no subject matter
jurisdiction over her defamation claim.  (Paper 20-5).

On or about April 27, 2005, Briggs filed a third
lawsuit again arising out of her alleged exposure to
chemicals and the Navy's responses to her complaints
("*Briggs III*").  The defendants in that case were
defendant Warfield, President of ELCON, and Gordon
England, then-Secretary of the Navy.  Construing Briggs'
complaint broadly, Judge Blake found that it raised the
following claims:

> intentional infliction of emotional distress
> ("IIED"), presumably by both [ELCON] and the
> government, stemming from her initial inhalation
> injury; (2) assault by her managers at NNMC by
> allowing her to come into contact with chemicals
> that exacerbated her condition; (3) IIED and
> assault, stemming from incidents in which she
> was physically dragged from work areas at NNMC
> that she had refused to leave; (4) defamation
> due to the mischaracterization of her work
> absences by a Captain Styles; (5) negligence by
> [ELCON] for her original injury, and negligence
> by the government for allowing her to come into
> contact with toxic chemicals despite her
> requests to be notified before their use on the
> premises; (6) denial of reasonable
> accommodations for her disability by NNMC; and
> (7) wrongful termination by NNMC on September
> 11, 2004.

5

(Paper 20-7).  All claims against ELCON were dismissed
under the doctrine of *res judicata* because they "were
raised or could have been raised" in *Briggs I*.  Most
claims against the government were similarly barred and
dismissed.  The defamation claim, which pertained to
statements made in 2004, was dismissed for lack of
subject matter jurisdiction, and Briggs' wrongful
termination claim was dismissed for failure to exhaust
administrative remedies.  <u>Id.</u>  Briggs appealed to the
Fourth Circuit, which affirmed the district court's
decision.  <u>See</u> <u>Briggs v. Elevator Control Corp., et al.</u>,
2006 WL 1477140 (4th Cir. May 25, 2006).

Briggs commenced her current action in this Court on
November 21, 2006.  In the complaint's introduction,
Briggs writes that "some aspects of the complaint were
previously presented to the Federal District Court for
Maryland."  Nonetheless, she asserts that during her
litigation in Maryland and before the Fourth Circuit, she
was "denied even the most basic protection of her rights
. . . .  [T]o allow the decision from the Fourth Circuit
to stand will be a gross miscarriage of justice and
establish a standard that compromises the creditability

6

[sic] of our judicial system." (Paper 7).

The complaint in this case brings a mix factual allegations and legal arguments. Some of the arguments, such as exhaustion and *res judicata*, appear to be in response to defenses asserted in prior cases.[1] Others complain about the conduct of the courts in those cases. For example, Briggs argues that her cases should not have been assigned to Judge Blake, and that the courts treated her differently because she was a black female proceeding *pro se*. Briggs also claims that she was denied due process. The courts and judges involved in Briggs' previous litigation have not been named as defendants.[2]

The claims against the named defendants, Warfield and Winter, appear to be limited to emotional distress and reckless behavior. These claims relate back to Briggs' exposure to harmful chemicals, and to events surrounding her termination. The defendants now move to

---

[1] In fact, the complaint in this case is nearly identical to the brief Briggs filed with the Fourth Circuit in *Briggs III*. (Papers 7 and 20-8).

[2] Briggs brought a prior action against trial court judges, appellate judges and personnel in the Fourth Circuit claiming that she had been denied her rights. The case was dismissed. Briggs v. U.S. Dist. Court Of Maryland, 2003 WL 23733550 (D. Md. Nov. 14, 2003), aff'd, 2004 WL 1328005 (4th Cir. June 15, 2004).

dismiss on grounds of *res judicata*.

Discussion

I.  <u>Motion to Dismiss Standard</u>

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor.  <u>See Allaire Corp. v. Okumus</u>, 433 F.3d 248, 249-50 (2d Cir. 2006).  "To survive dismissal, the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'"  <u>ATSI Comms., Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007)).  When a party moves to dismiss on the basis of *res judicata*, the Court may consider both the face of the complaint and matters of which the Court may take judicial notice, including prior court decisions.  <u>See Conopco, Inc. v. Roll Int'l</u>, 231 F.3d 82, 86 (2d Cir. 2000); <u>Pani v. Empire Blue Cross Blue Shield</u>, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6) . . .

.").  Also, the Court remains mindful that *pro se* pleadings are to be read liberally.  See <u>Phillips v. Girdich</u>, 408 F.3d 124, 128 (2d Cir. 2005).

II.  <u>Winter's Motion to Dismiss</u>

Winter argues that Briggs' claims, brought against him in his role as Secretary of the Navy, are each barred by *res judicata*.  The doctrine of *res judicata* presumes that "a person should not be twice-vexed by the same claim, and that it is in the interest of society to bring an end to disputes."  18 James Wm. Moore, et al., Moore's Federal Practice ¶ 131.12[2] (3d ed. 2006).  "The doctrine bars 'later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.'"  <u>EDP Med. Computer Sys. v. United States</u>, 480 F.3d 621, 624 (2d Cir. 2007) (quoting <u>In re Teltronics Servs., Inc.</u>, 762 F.2d 185, 190 (2d Cir. 1985)) (brackets in original).

The burden of establishing *res judicata* rests with the defendant.  <u>Greenberg v. Bd. of Governors of the Fed. Reserve Sys.</u>, 968 F.2d 164, 170 (2d Cir. 1992).  If the

defendant meets that burden, the doctrine precludes claims based on "issues actually decided in determining the claim asserted in the first action and issues that could have been raised in the adjudication of that claim." Nat'l Labor Relations Bd. v. United Techs. Corp., 706 F.2d 1254, 1259 (2d Cir. 1983).

For purposes of analysis, Winter divides Briggs' factual allegations into two categories: those occurring prior to her termination by the Navy in 2004, and those related to her termination. Briggs' pre-termination claims pertain directly to her alleged exposure to chemical fumes, and to conduct by the Navy related to that exposure. In *Briggs III*, Judge Blake and the Fourth Circuit each determined that such claims were barred by *res judicata*.

Reviewing the requirements for *res judicata*, the dismissal in *Briggs III* for failure to state claim under Rule 12(b)(6) constituted a decision on the merits. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); Nowak v. Ironworkers, 81 F.3d 1182, 1187 (2d Cir. 1996). The Secretary of the Navy was a defendant, and the claims arose out of the same set of

10

facts as those alleged here.  The causes of action brought against defendant Winter – infliction of emotional distress and reckless behavior – were largely raised in *Briggs I* and again in *Briggs III*.  Accordingly, Briggs' pre-termination claims are again barred by *res judicata*.

Briggs' termination-related claims were dismissed in *Briggs III* due to a failure to exhaust administrative remedies.  Winter argues that because Briggs can no longer cure her exhaustion problem, her wrongful termination claims are now barred.  The Court agrees.

In *Briggs III*, Judge Blake found that Briggs had failed to exhaust her administrative remedies as required under the ADA and Rehabilitation Act.  The court also found that "Ms. Briggs does not deny that she failed to pursue her administrative remedies . . . ."  (Paper 20-7 at 7).  In her current complaint, Briggs states that she "should not be forced to go through years of an administrative process."  (Paper 7 at 3).[3]

--------------------

[3]  In response to Winter's motion to dismiss, Briggs asserts that she did engage in, and exhaust, the EEO process.  Judge Blake's decision in *Briggs III*, however, suggests that she did not exhaust that process with respect to her termination. (Paper 20-7 at 6-7).

Briggs was terminated by the Navy on September 11,
2004.  (Paper 20-7 at 5).  Federal regulations required
her to appeal her termination within 30 days, and to
begin the EEO counseling process within 45 days.  5
C.F.R. § 1201.154(a-b); 29 C.F.R. § 1614.105(b).  At the
time of Judge Blake's decision in *Briggs III*, those
deadlines had already passed and exhaustion was no longer
an option.  In such a situation, where a procedural
defect cannot be cured, *res judicata* will apply.  <u>Cf.</u>
<u>Berry v. Kerik</u>, 366 F.3d 85, 88 (2d Cir. 2004) (dismissal
is with prejudice where plaintiff failed to pursue
administrative remedies).

To the extent that Briggs is presenting new legal
theories, facts, and/or remedies, her claims remain
barred.  New legal theories arising out of the same
operative facts will not avoid the application of *res
judicata*.  <u>Waldman v. Village of Kiryas Joel</u>, 207 F.3d
105, 108 (2d Cir. 2000).  Nor can the plaintiff split her
case into "various suits, . . . with different evidence
'necessary' to each suit.  <u>Id.</u> (citation omitted).[4]

---

[4]  One of Briggs' new claims is that she is being denied
disability benefits.  Her filings make reference to both
workers compensation benefits and disability retirement
benefits.  In either event, this Court has no jurisdiction to

In sum, Briggs has had ample opportunity to bring
her claims, both in court and administratively.  Her
claims have been barred on the merits, and may not be
presented again here.  If Briggs is seeking a review
decisions by courts in the Fourth Circuit, this Court has
no power to conduct such a review.  See Lowenschuss v.
West Publ'g Co., 542 F.2d 180, 183-84 (3d Cir. 1976) ("an
order elaborating on an official opinion of another court
. . . is undesirable on policy grounds alone as an
unwarranted intrusion on the internal affairs of a co-
equal, sister circuit.").  For these reasons, Winter's
motion to dismiss is GRANTED.

III.  Warfield's Motion to Dismiss

     Res judicata also bars Briggs' claims against
defendant Warfield.  The claims brought against Warfield,
as President of ELCON, are essentially the same as those
brought against ELCON in the prior suits, to wit, claims
relating to the release of chemicals.  For reasons
discussed above, dismissals of those claims constituted
adjudications on the merits.  The fact the Fourth Circuit
cases were construed as being brought against ELCON, and

---

review the denial of such benefits.  See 5 U.S.C. §§ 8128(b);
5 U.S.C. § 7703; 5 C.F.R. §§ 844.104, 841.306 and 841.308.

13

not Warfield, is immaterial, as the law clearly provides that *res judicata* bars claims against defendants and their privies.  <u>EDP Med. Computer Sys.</u>, 480 F.3d at 624. Because the claims against Warfield either were or could have been brought in Briggs' prior litigation, the present claims against him are barred and his motion to dismiss is GRANTED.

<u>Conclusion</u>

For the reasons set forth above, the defendants' motions to dismiss (Papers 20 and 22) are GRANTED. Defendant Winter's motion to stay proceedings until the motions to dismiss are ruled upon (Paper 32) is GRANTED, and Briggs' motion for mandatory injunctive relief (Paper 31) is DENIED as moot.  This case is DISMISSED.

Dated at Burlington, in the District of Vermont, this 29th day of November, 2007.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge, United States District Court